CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 25, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **CARL RAY KENNEDY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 7:23-cv-814** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PETRA HASKINS, et al.,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Carl Ray Kennedy ("Kennedy"), proceeding *pro se*,[1] filed this civil rights action under 42 U.S.C. § 1983 against Commonwealth's Attorney Petra Hoskins ("Hoskins") and jail administrators Captain Carrington Petty ("Petty") and Sergent Shawn James ("James") (collectively, "Defendants"). Dkt. 1, at 1–2. Kennedy asserts that he was wrongly convicted in 2018 for making a deadly weapon while in prison, and asks the Court to overturn his conviction, award money damages, and order Defendants to provide a written apology. *Id.* at 4–6. Defendants have filed motions to dismiss, arguing Kennedy's claims are time-barred, to which Kennedy has responded. Dkts. 22, 27, 34. Because the applicable statute of limitations has expired, Defendants' motions will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**.

---

[1] Kennedy filed this lawsuit while he was incarcerated. However, he has been released and has filed a Motion for Leave to Proceed *in forma pauperis*, which has been granted. Dkt. 39.

## I.    Standard of Review

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[C]ourts are obligated to liberally construe *pro se* complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017).

Defendants may properly raise a statute of limitations defense at the motion to dismiss stage "if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). Here, because the time bar is apparent on the face of the Complaint, the court will consider the defendants' affirmative defense that the statute of limitations has expired.

## II.    Background

Kennedy filed this lawsuit on November 9, 2023,[2] complaining that he was wrongfully convicted for an incident that occurred in September 2018 while he was incarcerated in the Danville City Jail.[3] Dkt. 1, at 1, 6. Kennedy denies that he committed the offense, but alleges that, due to defendants' misconduct, he was wrongfully convicted and received "five years with

---

[2] Kennedy's complaint is postmarked November 9, 2023, which is deemed to be the filing date under the prison mailbox rule. *See Conley v. Virginia Dep't of Corr.*, No. 7:23-CV-00367, 2023 WL 5808841 (W.D. Va. Sept. 7, 2023) ("[A] pro se prisoner's pleading is deemed to have been filed on the date that the prisoner submits the pleading to prison authorities for mailing").

[3] Kennedy's complaint alleges "all this happen[ed] on 9/30/2018." Dkt. 1, at 4. The Complaint does not clarify whether the September 2018 date is when the alleged incident occurred, or when he was wrongfully convicted. Dkt. 1.

four suspended." *Id.* Kennedy alleges that the Commonwealth's Attorney, Kelly Hoskins, threatened him and "convicted [him] of a charge she knew [he] did not commit" in the Danville City Jail. *Id.* While Hoskins was given information that Kennedy had made a shank, Kennedy maintains that after viewing the camera footage, "she knew [he] did not commit [the] crime." *Id.* Kennedy also states that defendant James searched his cell, reviewed the security footage, and made false statements resulting in the charges against him. *Id.* Kennedy alleges that defendant Petty "allowed [a]ll this to happen," even while knowing another inmate was the one who made the weapon. *Id.* By Kennedy's account, the method he allegedly used to make the "shank," "stomping it three time[s] in a pair of shower shoes," was physically impossible. Dkt. 29, at 2.

Kennedy alleges that the conviction arising out of the September 2018 incident caused him difficulties, including being used against him in a 2023 Juvenile and Domestic Relations Court proceeding in Chatham, Virginia and in a federal trial in Danville, Virginia. Dkt. 29, at 2. Kennedy indicates he "got another 30 months" added to his prison sentence, is not allowed to make phone calls to his minor daughter and is "fighting the grandparents for adoption." Dkt. 34, at 2, 4.

### III.    Analysis

Kennedy filed this action under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. 42 U.S.C. § 1983.[4] However, a civil rights action under § 1983 is appropriate to challenge the conditions of confinement, but not

---

[4] To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

the fact or length of the confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). To challenge the fact or duration of his confinement, a state prisoner must seek federal habeas corpus relief or the appropriate state relief instead. *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005). Accordingly, as Kennedy challenges the conviction arising out of the 2018 incident, his complaint does not fall under §1983.  This action is more properly construed as a 28 U.S.C. § 2254 petition, which has a one-year statute of limitations.[5]

Kennedy previously filed a petition for a writ of habeas corpus under § 2254, challenging the same conviction arising out of the 2018 incident, which this court dismissed as time-barred. *See Kennedy v. Dept. of Corrections,* No. 7:23-cv-00803, (W.D. Va., July 8, 2024). This filing appears to seek a second bite at that apple. To the extent that any of Kennedy's claims in this complaint fall outside the scope of habeas relief and could be raised under § 1983, they are similarly barred by the statute of limitations.

In Virginia, § 1983 actions must be filed within two years from the date on which the claim accrued. *See Wyatt v. Owens*, 317 F.R.D. 535, 539 (W.D. Va. 2016) (holding that because there is no federal statute of limitations for § 1983 claims, the "state limitations period which governs personal injury actions is applied") (citing *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 63 F.3d 951, 955 (4th Cir. 1995). Accordingly, the statute of limitations for any § 1983 claim arising out of the 2018 incident expired well before Kennedy filed this lawsuit in 2023.

---

[5] *See Whitlow v. Ballard*, No. 2:15-CV-12744, 2017 WL 1016962, at *2 (S.D. W. Va. Feb. 2, 2017) (noting that a § 2254 petition is subject to a one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)).

A prisoner may be entitled to equitable tolling of the statute of limitations for § 1983 or when he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Kennedy has not raised an equitable tolling argument and provides the Court with no information it could use to liberally construe one,[6] such as facts demonstrating an inability to timely file this case.

## IV.   Conclusion

Because Kennedy's claim is properly construed as a § 2254 claim, which this court has previously dismissed as time-barred, and any § 1983 claim is also barred by the applicable statute of limitations, Defendants' motions to dismiss (Dkts. 22 and 27) will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**.

An appropriate Order accompanies this Memorandum Opinion.

Entered:  March 25, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[6] Kennedy provides no facts to suggest that he appealed his sentence in a timely manner, if at all, in either his complaint or subsequent filings. *Id.*; *see* Dkt. 23, at 10 ("Kennedy has not pled any facts to suggest that the statute of limitations was tolled for any period of time.").